# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | CV F   05 1441 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| SOLARIO, et. al., | |
| Defendants. | |

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff states that he has filed this action under the Americans with Disabilities Act and the Rehabilitation Act.

Plaintiff filed the instant action on November 15, 2005. The Complaint and its attachments consist of one hundred fifty pages and names as Defendants Solario, Cpt. Liar, D. Galinda, Estanti, Rodrigo and an unknown number of Doe defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff did not complete a form Complaint and the entire Complaint consists of exhibits.  Plaintiff lists as "ADA Issues Presented" deaf communication, forced medication, excessive force, outside communications, violation of penal code, denial of law library/legal research materials, denial of assistance and video evidence.  Other than this list, Plaintiff provides no factual basis for his claims for relief.  As noted above, the entire complaint is comprised of one hundred fifty pages and it may be the case that somewhere interspersed with all of this evidence, Plaintiff provides information relating to his claims for relief.  However, the Court does not have the time or resources to comb through what is called the "Complaint" and attempt to find facts that support these alleged violations.  As the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, the Court will instead, dismiss the Complaint with leave to amend and provide below a recitation of what appears to be the law relevant to the "issues" set forth on page 2.

**C.  CLAIMS FOR RELIEF**

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The Court is mindful that Plaintiff does not wish to have his claims heard under Section 1983. However, regardless of the nature of suit, Plaintiff must link any acts to the alleged violations that occurred, regardless of whether the case called a 1983 action or not. The Court notes further that Plaintiff includes on his list of "issues" allegations concerning the use of force, forced medications, communication, and law library access or assistance. These claims do not fall under the auspices of the ADA and RA and would have to be raised in a Section 1983 suit. In any event, Plaintiff must link defendants to acts or omissions in order to state a cognizable claim for relief in a civil suit.

### 2. Rule 8(a)

Further, a plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46

(1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this case, Plaintiff's Complaint consisting of one hundred fifty (150) pages and not clearly or briefly organized, fails to comply with Rule 8. The Court notes that Plaintiff has filed in excess of eighteen actions in this Court and thus, is clearly aware of the requirements of Rule 8. Plaintiff is informed that his continued failure to comply with Rule 8 warrants dismissal of his case for failure to state a claim. Plaintiff need only provide a brief statement of the facts giving rise to each violation and also link the Defendants named to those acts or omissions.

### *3. Evidence & Exhibits*

It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

### *4. ADA/RA*

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v.

Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

**4. Communications**

Although Plaintiff includes as an "Issue" communications in general and outside communications, because there are no facts to inform the Court of the nature of the alleged "communication" violations, the Court cannot give Plaintiff the law that may be relevant to his claims. Thus, in amending his Complaint, Plaintiff should be sure to include a brief statement about the kind of communication violation that has taken place. "Communication" alone is insufficient.

*5. Excessive Force*

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination.

Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986).  An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation.  Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action.  Id. at 9.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

### 6. *Law Library Access/Legal Assistance*

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access, however, is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court.  Id.

Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  Id.  Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.  Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

### 7. *Violations of Penal Code*

A private right of action under a criminal statute has rarely been implied.  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'"  Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

6

1    With regard to Penal Code 2932, Plaintiff may not pursue a civil claim under this state
2 criminal statute. Although Plaintiff has not alleged any facts that implicate the provisions of
3 Section 2932, this deficiency is irrelevant. All challenges to a state court's incarceration of a
4 prisoner or to the length of that incarceration must be raised in a petition for writ of habeas
5 corpus and not in a civil rights action. A civil action for damages arising out of the loss of time
6 credits is barred until such time as Plaintiff achieves "favorable termination of his available state,
7 or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad
8 v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing Heck v. Humphrey, 512 U.S.
9 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison
10 disciplinary hearing where good-time credits were affected).

11 **D.  CONCLUSION**

12    The Court finds that Plaintiff's complaint does not contain any claims upon which relief
13 can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with
14 time to file an Amended Complaint curing the deficiencies identified above should he wish to do
15 so.

16    Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
17 resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
18 1980). The Amended Complaint must specifically state how each Defendant is involved.
19 Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
20 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423,
21 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
22 F.2d 740, 743 (9th Cir. 1978).

23    Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
24 be complete in itself without reference to any prior pleading. As a general rule, an Amended
25 Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
26 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any
27 function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each
28 claim and the involvement of each defendant must be sufficiently alleged. The Amended

Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

    The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **January 17, 2007**          /s/ Lawrence J. O'Neill
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE