# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>SOLARIO, et. al.,<br><br>   Defendants.<br>_____ / | CV F   05 1441 AWI LJO P<br><br>ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO SUBMIT AMENDED COMPLAINT OR INFORM THE COURT HE WISHES TO WITHDRAW THE ACTION |

 Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

 Plaintiff filed the instant action on November 15, 2005.  On December 26, 2006, Plaintiff filed a Notice demanding that his case be heard under the Americans with Disabilities Act ("ADA").  The court issued an Order informing Plaintiff that the Court was required to screen the Complaint under the Prison Litigation Reform Act ("PLRA") and that it had yet to determine whether it stated a cognizable claim under Section 1983 or the ADA.  The Court noted that Plaintiff had filed many cases in this Court and was aware that he must first allege facts stating a claim under the ADA before the case would proceed.

 On January 8, 2007, Plaintiff filed another "DEMAND" for Americans With Disabilities

1

1  Act Hearing.  The Court screened Plaintiff's Complaint on January 18, 2007, and dismissed it
2  with leave to amend informing Plaintiff of the deficiencies and the relevant law so that Plaintiff
3  could amend to state a cognizable claim either under Section 1983 or the ADA.  Plaintiff was
4  granted thirty days to comply.  Instead of submitting an Amended Complaint, however, Plaintiff
5  filed a "Responce [sic]" on February 13, 2007.  Plaintiff complains in this pleading that the Court
6  is discriminating against him because it was refusing to apply 42 U.S.C. 12132 and screening his
7  case. Plaintiff alleges that his case does not require screening.  Plaintiff also alleges that Rule 8of
8  the Federal Rules of Civil Procedure does not apply.
9         Plaintiff is mistaken.  As stated in the Court's Order dismissing with leave to amend, any
10 complaints brought by prisoners seeking relief against a governmental entity or officer or
11 employee of a governmental entity is subject to 28 U.S.C. § 1915A(a) of the Prison Litigation
12 Reform Act.  This simply means that the Court must screen the case to ensure that it states
13 cognizable claims for relief before the Complaint can be served on the opposing party.  This is
14 the sole purpose of the Court's Order dismissing with leave to amend.  In examining the
15 allegations made in Plaintiff's Complaint, the Court provided Plaintiff with what it determined
16 might be the law relevant to the facts alleged.  It is up to Plaintiff to decide which claims he
17 wants to bring, the fact that the law was provided was only to aid Plaintiff in formulating his
18 claims.  The Court also provided Plaintiff with the law under the Americans with Disabilities Act
19 as Plaintiff appears to be seeking relief under the ADA.  However, the Court must still screen the
20 Complaint and if Plaintiff fails to allege facts that support an ADA claim, dismissal is warranted
21 under the PLRA.  As stated in the Court's prior Orders, Plaintiff is fully aware of this Court's
22 screening requirement.  The fact that Plaintiff is seeking relief under the ADA does not render
23 the PLRA inapplicable.
24        In addition, the Court notes that Plaintiff did not complete the form complaint.  The
25 Complaint consisted almost entirely of exhibits. It is Plaintiff's responsibility to set forth his
26 claims in a clear manner.  The Court cannot read all of the Complaints and then make a
27 determination as to what kind of claim he states.  That duty lies with the Plaintiff.
28        The Court will grant Plaintiff an extension of time to complete the form Complaint and

1 amend the Complaint that is on file or inform the Court that he wishes to withdraw his
2 Complaint and terminate the action. Should Plaintiff fail to do either within the allotted time
3 frame, the Court will have no alternative but to dismiss the Complaint for failure to state a claim
4 upon which relief can be granted.  28 U.S.C. § 1915A(b)(1), (2) (providing that the Court must
5 dismiss a complaint that fails to state a claim upon which relief can be granted.)

      Accordingly, the Court HEREBY ORDERS:

      1.      Plaintiff is GRANTED thirty days from the date of service of this Order to submit an Amended Complaint curing the deficiencies outlined by the Court in its January 18, 2007, Order *or* notify the Court that he wishes to withdraw his Complaint and terminate the action.

IT IS SO ORDERED.

Dated:   **March 21, 2007**              **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE