# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOLARIO, et. al.,<br><br>　　　　　Defendants. | 1:05-cv-01441- AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDERS AND FOR FAILURE TO STATE A CLAIM (Docs. 1, 12, 14)<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS |

　　　　Louis Richard Fresquez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the complaint (Doc. 1) initiating this action on November 15, 2005. On January 18, 2007, the court issued an order (Doc. 12) for plaintiff to either file an amended complaint or inform the court that he wished to voluntarily dismiss the case. In the order, the court informed plaintiff of the deficiencies and the relevant law so that plaintiff could amend to state a cognizable claim either under Section 1983 or the ADA. Plaintiff was granted thirty days to comply. Instead of submitting an amended complaint, plaintiff filed a "Responce [sic]" on February 13, 2007. Plaintiff complained in this pleading that the court was discriminating against him by screening his case and refusing to apply 42 U.S.C. 12132. Plaintiff alleged that his case does not require screening. Plaintiff also alleged that Rule 8of the Federal Rules of Civil Procedure does not apply.

On March 22, 2007, the court issued an order (Doc. 15) granting plaintiff an extension of time to comply with the court's prior order by either filing an amended complaint or informing the court he wishes to withdraw the action, within thirty days. Plaintiff did not submit an amended complaint or notify the court he wished to withdraw the action within thirty days. Instead, on April 30, 2007, plaintiff filed "objections" to the court's order, refusing to comply with the order and accusing the court of attempting to force him into an action he did not file.

Plaintiff is mistaken. As stated in the court's prior orders, any complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity are subject to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act. The court advised plaintiff that this simply means that the court must screen the case to ensure that it states cognizable claims for relief before the complaint can be served on the opposing party, and this is the sole purpose of the court's order dismissing with leave to amend. In examining the allegations made in plaintiff's complaint, the court provided plaintiff with what it determined might be the law relevant to the facts alleged. Plaintiff was advised that it is up to plaintiff to decide which claims he wants to bring, and the law was provided only to aid plaintiff in formulating his claims. The court also provided plaintiff with the law under the Americans with Disabilities Act, as plaintiff appears to be seeking relief under the ADA. However, the court must still screen the complaint and if plaintiff fails to allege facts that support an ADA claim, dismissal is warranted under the PLRA. As stated in the court's prior orders, plaintiff is fully aware of this court's screening requirement. The fact that plaintiff is seeking relief under the ADA does not render the PLRA inapplicable. The court also noted that plaintiff did not complete the form complaint. The complaint consisted almost entirely of exhibits. Plaintiff was advised that it is plaintiff's responsibility to set forth his claims in a clear manner. The court cannot read all of the exhibits and then make a determination as to what kind of claim he states. That duty lies with the plaintiff.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

1  court's order (Doc. 12) of January 18, 2007, requiring plaintiff to either file an amended
2  complaint or inform the court that he wished to voluntarily dismiss the case, expressly stated:
3  "Plaintiff is forewarned that his failure to comply with this Order may result in a
4  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110."  Thus,
5  plaintiff had adequate warning that dismissal would result from his noncompliance with court
6  orders.  Accordingly, the court shall recommend that this action be dismissed for failure to obey
7  the court's orders.
8          The operative complaint (Doc. 1) filed by plaintiff on November 15, 2005, fails to
9  state a claim upon which relief can be granted.  Plaintiff has been given ample leave to amend the
10 complaint to cure the deficiencies but refuses to do so.  The court's March 22, 2007 order  (Doc.
11 15)  refers to deficiencies in plaintiff's complaint outlined by the court in the January 18, 2007
12 order (Doc. 12) which require plaintiff to amend the complaint in order to state a cognizable
13 claim.  The court found that plaintiff's complaint did not contain any claims upon which relief
14 can be granted under § 1983 against any of the defendants.  In the court's order of March 22,
15 2007, plaintiff was forewarned that if he failed to comply with the order within thirty days, by
16 either filing an amended complaint or informing the court that he wishes to voluntarily dismiss
17 his case, "the Court [would] have no alternative but to dismiss the Complaint for failure to state a
18 claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1), (2) (providing that the Court
19 must dismiss a complaint that fails to state a claim upon which relief can be granted.)"
20 Accordingly, the court shall recommend that the complaint, and this entire action, be dismissed
21 for failure to state a claim.
22          Based on the foregoing, the court HEREBY RECOMMENDS that this action be
23 dismissed based on plaintiff's failure to obey the court's orders of January 18, 2007, and March
24 22, 2007, and for failure to state a claim upon which relief can be granted.
25          The findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
27 twenty (20) days after being served with these findings and recommendations, plaintiff may file
28 written objections with the court.  Such a document should be captioned "Objections to

1 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
2 objections within the specified time may waive the right to appeal the District Court's order.
3 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
4     IT IS SO ORDERED.
5     Dated:   **November 2, 2007**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE